By the Court.
 

 This is an original action in mandamus, presented to this court upon the petition and
 
 *36
 
 answer. The relators, being trustees of a township in Stark county, filed an action in the Probate Court of Tuscarawas county, under the provisions of Section 3484-1, General Code, asking the court to determine the legal settlement of a certain person residing in Stark county. The petition for mandamus filed herein alleged that the judge of the Probate Court refused to “act upon said petition and * * * to issue summons for the defendants named therein.” The prayer of the petition seeks a writ in mandamus compelling the probate judge to act upon the petition and to cause summons to issue for the defendants in that cause. There is nothing in Section 3484-1, General Code, requiring the judge to issue such summons; the section specificaally providing that summons may be issued as in civil actions. There is more merit in the allegation of the petition that the probate judge “willfully refused, failed, and neglected to act upon said petition.” In view of such allegation, a writ should issue commanding the probate judge to act in that respect.
 

 There is an effort made by both parties seeking in this court a jurisdictional construction of the above section in this mandamus action. This we decline to do for the reason that, when and after the Probate Court has acted, there is provided a full and adequate remedy at law, whereby the parties in the Probate Court may prosecute error to any judgment or final order that may be made therein. If the respondent desires to further plead that such judgment or order has in fact been made, thirty days will be granted for that purpose; otherwise a writ will issue limited to the requirement that the respondent act upon the petition filed in his court.
 

 Writ allowed.
 

 Weygandt, C. J., Allen, Stephenson, Jones, Mat- . thias, Bevis and Zimmerman, JJ., concur. ■